Howard A. Zeller, J.
The complaint in this action seeks to stay the Chief of Police of the City of Binghamton and his department from arresting any officers of the Binghamton Townsend Clnb which concededly is conducting “ free bingo “ Free bingo ” is a term used to describe a scheme which was originally devised to get around this State’s gambling* laws prohibiting lotteries and gambling. Clubs or, in some instances, movie houses have charged either for a dinner or admission and then allowed the game of bingo to be played without further charge. The Court of Appeals, in 1952, held that if there was a reasonable relationship between the charge for the admission and the worth of the entertainment or the price of the meal and its actual value then the player was in effect not being.charged for bingo and it was not considered gambling. (People v. Burns, 304 N. Y. 380.)
There are before this court a motion to dismiss the complaint for failure to state a cause of action and a motion for a temporary injunction pending trial of the action for a permanent injunction.
The complaint alleges, inter alia, that the plaintiff club has conducted ‘1 free bingo ’ ’ after smorgasbord buffets for which the diners were charged $3.50; that the charge was fair and reasonable for the foods served; that the defendant has threatened to arrest the plaintiff club group and various of its officers for conducting such bingo; that the amendment of the New York State Constitution by the addition of subdivision 2 to .section 9 of article I, and the adoption of article 14-G of the General Municipal Law effective January 1,1958 did not impose any restrictions on ‘1 free bingo ’ ’; and that plaintiffs would suffer irreparable injury if defendants were not restrained from making* any arrests for conducting* 11 free bingo ’ ’.
Section 9 of article I of the New York State Constitution was amended effective January 1,1958 by the addition of subdivision 2 so as to legalize the playing of bingo in any city, town or village of the State upon the approval of a majority of the qualified electors of the municipality and subject to certain restrictions incorporated therein and to be adopted by the Legislature.
Concomitant with the effective date of the constitutional amendment a “ Bingo Licensing Law ” (General Municipal Law, art. 14-G) passed the Legislature and became law. In essence the “ Bingo Licensing Law ” imposes certain restrictions upon the playing of bingo and generally provides for its licensing, control and supervision.
*572 A majority of the qualified electors of the City of Binghamton have not authorized the playing of bingo within its municipal limits.
Defendant’s counsel, the District Attorney and the Attorney-General take the position that the new constitutional amendment and the new section of the Municipal Law in effect say that all bingo is legitimate only after a favorable referendum and when conducted by a properly licensed club or organization. I agree. A reading of the constitutional amendment and the 1 ‘ Bingo Licensing Law ’ ’ convinces me that the People of the State of New York and .their Legislature firmly decided to control all bingo —1‘ free ’ ’ or otherwise. Sinc.e the People of the State of New York and their Legislature saw fit,- as a matter of public policy, to impose certain regulatory provisions upon the playing of all bingo, no bingo may be played in this State unless there has been compliance with the statute. e '
My conclusion is fortified by the opinion of Justice McClusky in the case of Italian Home Fed. v. Kelly (12 Misc 2d 33) decided in the Supreme Court in Onondaga County, July 7, 1958. It is the only opinion in the State on this subject either published or known to me. His opinion holds that under the recent amendment to the State Constitution and the implementing statutes, no type of bingo may be conducted unless its operation is in conformity with the new legislation requiring local voter approval, licensing and control. Justice McClusky thereupon dismissed a complaint against the Chief of Police of the City of Syracuse containing factual allegations similar to those set forth in this complaint against the Chief of Police of the City of Binghamton.
The complaint against the Chief of Police of the City of Binghamton should be dismissed and with it the application for a temporary injunction. No costs are awarded.
Defendant’s attorney may submit an order accordingly.